IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNOAL O. VASSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:03-cv-678-JPG |
| ) | |
| A. WYDECK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Motion for Sanctions filed by the defendants, A. Wydeck, M. Held, K. Bush, and J. Vineyard, on September 21, 2005 (Doc. 25) and the Motion for Extension of Time filed by the Defendants on October 3, 2005 (Doc. 26). The motion for sanctions is **DENIED WITHOUT PREJUDICE** and the motion for extension of time is **GRANTED.**

### BACKGROUND

The Plaintiff initially filed this lawsuit while he was incarcerated at the Big Muddy River Correctional Center located in Ina, Illinois (in this District). He then was transferred to the Pontiac Correctional Center and has since been released. The Plaintiff is currently residing in Chicago, Illinois (Doc. 8). On April 15, 2005, the Plaintiff mailed a letter to chambers seeking to change venue and to transfer this case to the Northern District of Illinois (Doc. 15). That "motion" was stricken as it did not comply with the Federal Rules of Civil Procedure (Doc. 17). The Plaintiff has not again sought to change venue.

On September 9, 2005, the Defendants issued a notice to the Plaintiff scheduling his deposition for September 16, 2005 (Doc. 25, Ex. A). Prior to the deposition, the Plaintiff telephoned Defense counsel and indicated that he would be unable to attend on that date. The

deposition was rescheduled to September 20, 2005 (Doc. 25, Ex. B).  The Plaintiff again telephoned Defense counsel and indicated that he would be unable to attend on the 20th.  In both messages, the Plaintiff indicated that he lacked sufficient funds to travel to Springfield, Illinois, where the depositions were scheduled.  The discovery deadline in this case was September 20, 2005.  Dispositive motions were to be filed by October 3, 2005.

## DISCUSSION

Federal Rule of Civil Procedure 30(a) provides that a deposition may be taken of any person or party.  Rule 30(b) specifies the procedure that must be employed: a party must give reasonable notice to the party to be examined and shall state the time and place of the deposition, among other things.  Rule 30 does not place a limit on the location of the deposition with respect to a party; however, the location of a deposition of a non-party is limited by this Court's subpoena power pursuant to Rule 45.[1]  Rule 37(d) provides that the Court may sanction a party for failing to attend his deposition.  Such sanctions can include the striking of a pleading, prohibiting the Plaintiff from testifying at trial, or dismissing a lawsuit.  The Defendants, therefore, can properly seek sanctions, like barring the Plaintiff from testifying at trial, for his failure to appear at two scheduled depositions.

However, the Court is mindful that the Plaintiff is proceeding *pro se* and *in forma pauperis*.  He has been released from prison and is now living in Chicago, Illinois.  He also has indicated to the Defendants that he is financially unable to travel to Springfield, Illinois.  The interests of justice would not be served by completely barring the Plaintiff from testifying at trial

---

[1] In addition, Rule 26(c) limits the power of this Court to issue a protective order for those deposition taken outside this District.

because he cannot afford to travel in order for his deposition to be taken.  The Defendants in this case are represented by the Illinois Attorney General who has offices in Chicago.  While it may be relatively more expensive for the Defendants to take the Plaintiff's deposition in Chicago (rather than Springfield), such an expense does not, in this limited circumstance, outweigh the need for the Plaintiff's deposition to be taken.  Therefore, even though the Plaintiff has not so requested, the Court will give some him latitude (again, in this one instance) and require the Defendants to take his deposition in the Attorney General's Chicago offices  (or any other location in Chicago that the Defendants believe will be convenient).

Therefore, the Plaintiff is **ORDERED** to appear for his deposition at the date and time designated by the Defendants.  The deposition **SHALL** occur at the Chicago offices of the Attorney General (or any other location in Chicago that the Defendants believe will be convenient).   The deposition **SHALL** be taken by October 28, 2005.  The discovery deadline in this case is **EXTENDED** to October 28, 2005 for the limited purpose of the taking of the Plaintiff's deposition.  The Dispositive motion filing deadline is **RESET** to December 16, 2005, or 45 days from the taking of the deposition, whichever is sooner.

The Plaintiff is **WARNED** that if he fails to appear at the date **AND** time of the scheduled deposition, he will be **BARRED** from testifying at trial and from presenting his own affidavits in response to any motion for summary judgment filed by the Defendants.  The Court also reminds the Plaintiff that this matter, if it is scheduled for trial, will be set for trial in East St. Louis.  The Plaintiff will be under an obligation to travel to East St. Louis if this matter is scheduled for trial.

Finally, the Court also notes from the Plaintiff's filings, the most recent of which was a

motion for appointment of counsel, that he is not serving the Defendants with documents filed with the Clerk.  The Plaintiff is again reminded that he **MUST** serve the defendants with every document that the mails to the clerk of court.  The failure to do so **SHALL** result in the striking of any such document.

For the foregoing reasons, the Motion for Sanctions filed by the defendants, A. Wydeck, M. Held, K. Bush, and J. Vineyard, on September 21, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 25) and the Motion for Extension of Time filed by the Defendants on October 3, 2005 is **GRANTED** (Doc. 26).

**DATED: October 5, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
